### Case No. 7,256a.

### JELLY v. TIDDEMAN.

[14 Betts, D. C. MS. 4.]

District Court, S. D. New York. Nov. 18, 1848.

BETTS, District Judge. The libellant, an English subject, was a seaman on board the British ship Gambia, of which the respondent is master. He signed articles, May 4, 1848, at Rotterdam, for a circuitous voyage to terminate in the United Kingdom or on the Continent, and not to exceed eighteen months duration. This action cannot be maintained on the facts before me. It is not sanctioned by the British consul, nor is there even proof that the libellant is discharged from the ship. The actual attorney of the libellant testifies to a conversation with the respondent, in which he stated his willingness to discharge the libellant if the agents of the ship consented; but no evidence is given of their consent or the assent of the British consul to

the discharge. Two witnesses of the owner testify that the master refused to discharge the libellant, but he declared he would leave the ship, and said his lawyers would compel the master to pay his wages.

This action not only appears groundless on the merits, but is directly against the policy always upheld by the court, that seamen belonging to foreign ships shall not be allowed to institute suits for wages here, without producing the authorization of the commercial agent of the country to which the ship belonged, or showing a case of absolute destitution on their part, and an abandonment by the master of the ship in this port. The libel must accordingly be dismissed, with costs.